United States District Court
Southern District of Texas
**ENTERED**
January 27, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO DIAZ, Individually and on behalf of other employees similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. 4:17-cv-03047 |
| J.P. MORGAN CHASE BANK, N.A., | § § § | |
| Defendant. | § | |

## ORDER ON UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND JUDGMENT

This matter comes before the Court on Plaintiffs' Unopposed Motion For Final Approval Of Collective and Class Action Settlement and Unopposed Motion for Attorneys' Fees, Costs and Expenses, by and through their counsel ("Class Counsel") for an order and judgment finally approving the Parties' Stipulation and Settlement Agreement, as revised and submitted to the Court on October 10, 2019 at ECF No. 21 ("Settlement Agreement") and dismissing with prejudice all claims asserted in this action:

WHEREAS, Plaintiff Alberto Diaz ("Plaintiff") and Defendants J.P. Morgan Chase, N.A. ("Defendants") have entered into the Settlement Agreement, intending to resolve claims alleged by Plaintiffs that they were not properly paid overtime wages for hours worked over 40 in a workweek in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (*See* ECF No. 1-1, Original Complaint in the above-captioned lawsuit).

WHEREAS, Defendants agree to release claims against Plaintiffs and the potential class members for alleged fraud based upon alleged misrepresentations they made in the sales process while employed by Defendants, as set forth in the Settlement Agreement, and

WHEREAS, the Settlement Agreement, together with its exhibits, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendants in addition to release of fraud claims as to Plaintiffs and members of the Settlement Classes; and

WHEREAS, for purposes of settlement only, Plaintiffs seek the final certification of the following opt-out settlement classes pursuant to Fed. R. Civ. P. 23:

(a) BANKER OR TELLER Texas State Law Settlement Class: Refers to any and all current and former BANKER OR TELLER s who are/were working at Defendants' call center locations in Dallas, Texas and/or Fort Worth, Texas from three (3) years preceding the filing of the Complaint up to and including the date on which the Court entered the April 21, 2016 Preliminary Approval Order.

(b) BANKER OR TELLER Missouri State Law Settlement Class: Refers to any and all current and former BANKER OR TELLER s who are/were working at Defendants' call center location in Olivette, Missouri from three (3) years preceding the filing of the Complaint up to and including the date on which the Court entered the October 11, 2019 Preliminary Approval Order.

WHEREAS, for purposes of settlement only, the Plaintiffs also seek final certification of the following opt-in settlement class pursuant to Section 216(b) of the FLSA:

(a) BANKER OR TELLER FLSA Settlement Class: Refers to any and all current and former BANKER OR TELLERS who are/were working at Defendants' locations in

New Territory or Sugar Creek Branch locations in Houston, Texas; from three (3) years preceding the filing of the Complaint up to and including the date on which the Court entered the October 11, 2019 Preliminary Approval Order.

WHEREAS, on October 11, 2019, this Court entered an order (ECF No. 23) ("October 11, 2019 Preliminary Approval Order"): (1) asserting jurisdiction over the claims alleged, the Parties in the Litigation, and the implementation and administration of this Settlement Agreement; (2) adjudging the terms of this Settlement Agreement to be fair, reasonable and adequate, and in the best interests of the Plaintiffs, Opt-in Plaintiffs, and members of the Settlement Classes, and directing consummation of its terms and provisions; (3) conditionally certifying the Settlement Classes for settlement purposes only; (4) appointing the Plaintiffs as class representatives who, together with Class Counsel, shall be authorized to act on behalf of all members of the Settlement Classes with respect to the claims asserted in the Litigation and this Settlement Agreement; (5) approving as to form and content the Settlement Notice and Claim Forms and authorizing the first-class mailing of the Settlement Notice and Claim Forms to all members of the Settlement Classes; (6) appointing Plaintiffs' Counsel as Class Counsel for the Settlement Classes pursuant to Section 216(b) of the FLSA and Federal Rule of Civil Procedure 23; (7) appointing KCC Class Action Services, LLC as the Claims Administrator pursuant to Section 2.1 of the Settlement Agreement; and (8) setting a sixty (60) calendar day deadline for the execution and return of fully completed Claim Forms, requests for exclusion, or objections.

WHEREAS, the Court has before it Plaintiffs' Unopposed Motion For Final Approval Of Collective and Class Action Settlement and Unopposed Motion for Attorneys' Fees, Costs and Expenses ("Plaintiffs' Motion") and papers in support thereof, together with the Settlement Agreement and its Exhibits; and,

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of fair and reasonable resolution of a bono fide dispute between competent and experienced counsel for both Plaintiffs and Defendants, and

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, the Plaintiffs' Motion, and the exhibits thereto and other materials filed in support of Plaintiffs' Motion, and otherwise having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, giving final approval to the Settlement Agreement upon the terms and conditions set forth in this and entering final judgment.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The Court has jurisdiction over the subject matter of this action, including the claims asserted, the Plaintiffs, the members of the BANKER OR TELLER FLSA Settlement Class, the Defendants, and the implementation and administration of the Settlement Agreement pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a), including the following opt-in collective action settlement class pursuant to Section 216(b) of the FLSA also preliminarily certified by the Court's October 11, 2019 Preliminary Approval Order:

   (a) **BANKER OR TELLER FLSA Settlement Class**: any and all current and former BANKER OR TELLERS who are/were working at Defendants' locations in New Territory or Sugar Creek Branch locations in Houston, Texas from three (3) years preceding the filing of the Complaint up to and including the date on which the Court entered the October 11, 2019

Preliminary Approval Order. and the following opt-out settlement classes pursuant to Fed. R. Civ. P. 23 that were preliminarily certified by virtue of the Court's October 11, 2019 Preliminary Approval Order.

3. The Court finds, for purposes of settlement only, that the BANKER OR TELLER FLSA Settlement Class, as defined above, satisfies the requirements to be maintainable as a settlement collective action under 29 U.S.C. § 216(b), and that those members of the BANKER OR TELLER FLSA Settlement Class who are Authorized Claimants as that term is used in the Settlement Agreement constitute the Final BANKER OR TELLER FLSA Settlement Class, as that term is used in the Settlement Agreement.

4. The Court finds, for purposes of settlement only, that the BANKER OR TELLER Texas State Law Settlement Class and the BANKER OR TELLER Missouri State Law Settlement Class, as defined above, satisfy the requirements of Fed. R. Civ. P. 23(a) and are maintainable under Rule 23(b)(3), and that those members of the BANKER OR TELLER Texas State Law Settlement Class and the BANKER OR TELLER Missouri State Law Settlement Class who did not timely and validly exclude themselves from the class in compliance with the opt-out and exclusion procedures set forth in the Settlement Agreement constitute the Final State Law Settlement Classes, as that term is used in the Settlement Agreement.

5. Together, the Final BANKER OR TELLER FLSA Settlement Class and the Final State Law Settlement Classes shall be referred to herein, as in the Settlement Agreement, as the Final Settlement Classes and are finally certified, for final settlement purposes only, to effectuate the terms of the Settlement Agreement.

6. The Settlement Notice, as authorized by the October 11, 2019 Preliminary Approval Order, and as disseminated by the Claims Administrator, adequately informed members

of the Settlement Classes of, among other things, the terms of the Settlement Agreement, the process available to them to obtain monetary relief, and informed members of the BANKER OR TELLER Texas State Law Settlement Class and the BANKER OR TELLER Missouri State Law Settlement Class of their right to exclude themselves from the Settlement Agreement and to pursue their own remedies, as well as their opportunity to file written objections and to appear and be heard at the Final Approval Hearing. The Settlement Notice also adequately informed members of the Settlement Classes of a toll-free number for the Claims Administrator and a website at which they could access additional information regarding the case and the proposed Settlement Agreement. The Court hereby finds that the Settlement Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

7. The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate with respect to the Defendants, Plaintiffs and all members of the Settlement Classes. The Court finds that sufficient investigation, research and litigation have been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms'-length negotiations, including mediation with experienced third-party neutrals.

8. In accordance with the Settlement Agreement, Defendants shall provide to the Claims Administrator funds equal to the Maximum Gross Settlement Amount within (5) business days of the "Final Effective Date" as defined in the Settlement Agreement. Also in accordance with the Settlement Agreement, the Claims Administrator shall mail Settlement Payments to Authorized Claimants, and Service Payments (if applicable), along with a copy of the Final Approval Order within ten (10) business days of the "Final Effective Date" as defined in the Settlement Agreement.

9. Class Counsel shall be awarded $36,686.73 from the Maximum Gross Settlement Amount ($110,000.00) for fair and reasonable attorneys' fees, costs and expenses incurred in the prosecution of this litigation, such award to be paid from the Maximum Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs and expenses incurred by Class Counsel as specified in the Settlement Agreement. The Claims Administrator shall also be paid its Settlement Expenses from the Maximum Gross Settlement Amount equal to $10,000.00 (less any pre-payment provided).

10. Service Payments, as set forth in the Settlement Agreement, are approved for Plaintiffs Alberto Diaz in the amount of $3,000 and Mary Lou Sanchez in the amount of $3,000, both in satisfaction of their claims asserted in the litigation as well as due to their performance of substantial services for the benefit of the Settlement Classes. Such Service Payments are to be paid from the Maximum Gross Settlement Amount, as specified in the Settlement Agreement.

11. In accordance with the Settlement Agreement, the Claims Administrator shall remit to Defendants, within ten (10) business days after payments to Authorized Claimants, the Plaintiffs, and Class Counsel, any interest that accrued on the Maximum Gross Settlement Amount while in the Qualified Settlement Fund plus any portion of the Revised Gross Settlement Amount, as defined in the Settlement Agreement, not distributed to Authorized Claimants or cashed by an Authorized Claimant within the time period set forth in Section 3.5 (E) of the Settlement Agreement. Moreover, in accordance with the Settlement Agreement, any unclaimed funds and unawarded Settlement Administration Expenses shall remain property of Defendant.

12. The Court finds and determines that the payments to be made to the Plaintiffs and Authorized Claimants, as provided in the Settlement Agreement are fair, reasonable and adequate, and gives final approval to and orders that those payments be made to Authorized Claimants and Plaintiffs.

13. The Court finds that the mutual releases as provided in the Settlement Agreement are fair and reasonable and gives its final approval to such releases.

14. Release by Defendants and Released Persons: Effective as of the Final Effective Date, Defendants and Released Persons hereby forever completely settle, compromise, release, and discharge the Releasing Persons from any claim of fraud based upon alleged misrepresentations by Releasing Persons in the sales process while employed by Defendants. With respect to any Releasing Persons employed with the Defendants as of the date of preliminary approval of the settlement, this Settlement Agreement does not: (1) alter the Commission Advance Recovery Process as described in the applicable Collective Bargaining Agreement or (2) prohibit Defendants from enforcing discipline under its employment policies. With respect to any member of the Releasing Persons that are not employed with Defendants as of the date of preliminary approval of the settlement, but subsequently re-apply for employment, this Settlement Agreement does not: (1) alter Defendants' practice to consider the balance of outstanding excessive unrecovered commission to disqualify a candidate for re-hire; (2) alter Defendants' practice to reinstate the Commission Advance Recovery Process at the last remaining balance; or (3) prohibit the Defendants from enforcing discipline under its employment policies.

15. Release by Plaintiffs and Releasing Persons. Effective as of the Final Effective Date, Plaintiffs and all Releasing Persons hereby forever completely settle, compromise, release, and discharge the Released Persons from any of the following Released Claims as defined in the Settlement Agreement in section 3.7, whether past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Releasing Person has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or unasserted, that

occurred at any time up to and including the date on which the Court entered the October 11, 2019 Preliminary Approval Order:

       (i)     any and all claims that were asserted in the Litigation or that could have been asserted based on the misconduct alleged in the Complaint, or in any complaints in this action preceding said Complaint for any misconduct alleged in the Complaint;

       (ii)     any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, or any other wage-related or recordkeeping-related claims, damages or relief of any kind arising from the allegation that BANKER OR TELLERS were not properly compensated for all time worked including, but not limited to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

       (iii)     any and all claims that Defendants or any of the Released Persons did not properly deduct commissions in accordance with the Commission Advance Recovery Process described in the Collective Bargaining Agreement and/or as asserted by Plaintiffs and Opt-in Plaintiffs in the Litigation;

       (iv)     any and all claims under the wage and hour laws and regulations of the state of Texas arising from the allegation that BANKER OR TELLERS were not properly compensated for all time worked, but not limited to, Tex. Lab. Code Ann. §§ 62.051, 62.151; and any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the state of Texas, or any state common law wage claims, including but not limited to claims for attorneys' fees costs, and expenses, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment up to and including the date on which the Court entered the October 11, 2019 Preliminary Approval Order;

(v) any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or missed or interrupted meal breaks), implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records up to and including the date on which the Court entered the October 11, 2019 Preliminary Approval Order;

(vi) any and all claims for benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages, commissions, including but not limited to minimum wages or overtime wages arising from the allegation that BANKER OR TELLER s were not properly compensated for all time worked up to and including the date on which the Court entered the October 11, 2019 Preliminary Approval Order;

(vii) any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations arising from the allegation that BANKER OR TELLER s were not properly compensated for all hours worked up to and including the date on which the Court entered the October 11, 2019 Preliminary Approval Order; and,

(viii) any and all claims for attorneys' fees, costs and expenses.

16. Further Release by Plaintiff Alberto Diaz: In addition to the Released Claims identified in Section B of the Settlement Agreement, effective as of the Final Effective Date, Plaintiffs and Original Opt-in Plaintiffs voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge the Defendants and Released Persons, in their personal individual, official and/or corporate capacities, from all such claims and demands directly or indirectly arising out of or in any way connected with their employment with Defendants; claims or demands related to salary, bonuses, commissions, vacation/paid time off, fringe benefits, expense reimbursements, or any other form of compensation; claims pursuant to any federal, state or local law, statute, regulation, or cause of action

including, but not limited to, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Immigration Reform and Control Act, the Occupational Safety and Health Act, the Sarbanes-Oxley Act of 2002, the Dodd-Frank Act of 2010, the Consolidated Omnibus Budget Reconciliation Act (COBRA), the Genetic Information Non-Discrimination Act, the Family and Medical Leave Act, the National Labor Relations Act (29 U.S.C. § 151 et seq.), the Equal Pay Act (29 U.S.C. § 206), the Civil Rights Acts (42 U.S.C. § 1981 and § 1988), the Fair Labor Standards Act (29 U.S.C. § 201, et seq.), and other state and local ordinances prohibiting discrimination in employment, and all other laws and regulations relating to employment including but not limited to any claims or allegations brought under any state or district statute or regulation for non-payment of wages, bonuses, or other compensation, tort law; contract law; wrongful discharge; retaliation; discrimination; harassment; fraud; defamation; emotional distress; and breach of the implied covenant of good faith and fair dealing. However, this release does not include any claims that cannot be lawfully waived or released by private agreement. Plaintiffs and Original Opt-in Plaintiffs permanently, unequivocally, and unconditionally waive any and all rights they may now have, may have had in the past, or may have in the future to seek, obtain or resume employment with Defendants and all Released Persons as an employee, consultant, contingent worker, temporary worker, independent contractor, or in any other capacity whatsoever, or to do business for or with Defendants and Released Persons through a third party. Plaintiffs and Original Opt-in Plaintiffs agree never to apply for, or to accept, employment with Defendants and/or Released Persons. Plaintiffs and Original Opt-in Plaintiffs further agree that this Settlement Agreement shall be used as the basis for Defendants and Released Persons not to hire, rehire or retain Plaintiffs and Original Opt-in Plaintiffs as an employee, consultant, contingent worker, independent contractor or in any other capacity, whatsoever, after their execution of this Agreement. In the event that Plaintiffs or Original Opt-in Plaintiffs are ever mistakenly employed or retained by one of Defendants or any Released Persons, Plaintiffs and Original Opt-in Plaintiffs agree to have their employment terminated with no resulting claim or cause of action against the Defendants or any

Released Persons. Plaintiffs acknowledge and agree that they have no right to employment or re-employment with Defendants or any Released Persons, and that Defendants or any Released Persons may legally refuse to employ Plaintiffs and Original Opt-in Plaintiffs.

17. The Plaintiffs and Releasing Persons further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any Released Claims which may arise out of, or in connection with any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, class/collective, union or federal, state or local governmental agency against the Released Persons. Plaintiffs and Releasing Persons further acknowledge that they are enjoined from pursuing any Released Claims they have, had, might have or might have had against the Released Persons based on any act or omission up to and including the date on which the Court entered the October 11, 019 Preliminary Approval Order.

18. All members of the Settlement Classes who did not opt out of the Settlement Agreement and did not complete a Claim Form and become an Authorized Claimant shall release all Released Claims. Moreover, all members of the BANKER OR TELLER State Law Settlement Classes who did not formally exclude themselves from the Final State Law Settlement Class shall be forever barred from receiving any Settlement Payment as set forth in the Settlement Agreement, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Final Judgment.

19. Settlement Class members who did not file an Opt-in Consent and did not submit a Claim Form that has been accepted by the Parties as timely and/or complete, will be deemed to have released all of the Released Claims (as defined in the Settlement Agreement) including, but not limited to any claims for payment of hours worked during the time worked as a BANKER OR TELLER during the Relevant Period applicable under federal, Missouri and Texas state or local laws, which were, or could have been, alleged based on the facts set forth in the Complaint. Such individuals

have not released any claim arising under the FLSA as a result of the Settlement Agreement or this Order.

20. The Court finds, as of the date of this Order, that none of the members of the BANKER OR TELLER State Law Settlement Classes have timely excluded themselves from the Settlement Agreement.

21. The Court finds, as of the date of this Order, that none of the members of the BANKER OR TELLER State Law Settlement Classes have timely and properly objected to the Settlement Agreement during the Objection Period.

22. The Court finds, that as provided for in Section 2.10 of the Settlement Agreement, if the settlement is cancelled, rescinded, terminated, voided, or nullified, however that may occur, or the Settlement is barred by operation of law, is invalidated, or otherwise is ordered not to be carried out by any Court, then: (1) the Settlement Agreement shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms; (2) in the event the Settlement Agreement is terminated, Defendants shall have no obligation to make any payments to any Party, Plaintiff, Opt-in Plaintiff, member of the Settlement Classes, or Class Counsel, except that the Parties shall be jointly responsible (i.e., each Party will be responsible for fifty percent (50%) of fees, costs and expenses due) for (a) paying the Claims Administrator for services rendered up to the date the Claims Administrator is notified that the Settlement Agreement has been terminated, and (b) paying Mediation Expenses; (3) the Preliminary Approval Order, Final Approval Order, and/or judgment, including any order of class or collective certification, shall be vacated; (4) the Settlement Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the action prior to the settlement; (5) neither this Settlement Agreement, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Litigation or any other action for any purpose whatsoever;

and, (6) in addition, the certification of the Settlement Classes provided for herein and in the April 21, 2016 Preliminary Approval Order will be vacated and the Litigation shall proceed as though the Settlement Classes had never been certified, without prejudice to any party's position on the issue of class or collective action certification or any other issue, including Defendants' ability to oppose class or collective action certification, or to move to decertify any FLSA collective action or Rule 23 class action.

23.     The Court finds that, pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), Defendants properly paid for and sent the CAFA Notice to the appropriate federal and state officials as described in the Declaration of Jeff Moore attached to Plaintiffs' Motion.

24.     This Court enters final judgment on and hereby dismisses the Litigation on the merits and with prejudice, and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

25.     The Court retains jurisdiction over this Litigation and the Parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

SIGNED this 24th day of January, 2020.

_____
UNITED STATES DISTRICT JUDGE